IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Emmanuel Thomas, ) | C.A. No. 6:06-1342-HFF-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Report of Magistrate Judge** |
| ) | |
| Lockheed Martin Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

With assistance of counsel, the plaintiff filed this action on December 28, 2005, in the United States District Court for the District of Kansas, pursuant to Title VII and 42 U.S.C. § 1981.[1]  On May 3, 2006, the case was transferred to this District. At that point, the plaintiff was required to proceed *pro se* because his prior counsel was licensed to practice in South Carolina and no other counsel had been associated.

On May 12, 2006, the defendant filed a motion to dismiss. Because the petitioner was proceeding *pro se*, he was advised on May 15, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th. Cir.1975), that a failure to respond to the respondent's motion to dismiss could result in dismissal of his complaint.  The *Roseboro* order was mailed to the plaintiff at 1712 Beech Court, Wichita, KS 67207. On May 30, 2006, the plaintiff called and informed the Court of a new address: 2624 Eas Harry, Wichita, KS 67211. A second *Roseboro* was mailed that same day to the new address. Subsequently, the original *Roseboro* order was returned, on June 13, 2006, by the United States Postal Service

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

marked "Return to Sender/Not Deliverable As Addressed/Unable to Forward/Return to Sender" (Doc. # 23).

On June 19, 2006, the plaintiff called the clerk of court and indicated that he had received the second *Roseboro* but was concerned because his response to the motion to dismiss was due that day. He still had not secured counsel. The Court granted the plaintiff an additional two week extension of time.

At the expiration of that two week extension, no appearance or response had been entered on behalf of the plaintiff. The Court, therefore, filed an order on July 5, 2006, giving the plaintiff through July 28, 2006, to file his response to the motion to dismiss. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff has elected not to respond.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
>
> (2) the amount of prejudice to the defendant;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978). In the present case, the plaintiff is proceeding *pro se* so he is entirely responsible for his actions. It is solely through his

neglect, and not that of an attorney, that no responses have been filed. The petitioner has not responded to defendant's motion to dismiss. The undersigned concludes that the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. Proc. 41(b).

IT IS SO ORDERED AND RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

August 18, 2006
Greenville, South Carolina

3