IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Emmanuel Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 6:06-1342-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lockheed Martin Corp., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Emmanuel Thomas ("Thomas"), proceeding pro se, filed an action alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), as amended 42 U.S.C. § 2000e, et seq., and race discrimination in violation of 42 U.S.C. § 1981. In her Report entered September 18, 2006, Magistrate Judge Hendricks recommends dismissing Thomas's complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

reasons below, the court adopts the Magistrate Judge's Report and recommendation in part and dismisses Thomas's complaint with prejudice.

## I. Factual and Procedural Background

Thomas filed the instant action on December 25, 2005, in the United States District Court for the District of Kansas. Pursuant to a motion to dismiss, or in the alternative, to transfer venue to South Carolina by Lockheed Martin Corporation ("Lockheed"), the case was transferred to the District of South Carolina on May 3, 2006. At that point, Thomas proceeded pro se because his attorney in Kansas did not seek admission in South Carolina pursuant to Local Civil Rule 83.I.05.

On May 12, 2006, Lockheed filed a motion to dismiss on the basis that Thomas's claim is time-barred by 28 U.S.C. § 1658. Because Thomas was proceeding pro se, he was advised on May 15, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Lockheed's motion to dismiss could result in a dismissal of his complaint. This order was mailed to Thomas at 1712 Beech Court, Wichita, Kansas 67207. On May 30, 2006, Thomas called and informed the Clerk of Court that he had moved to 2624 East Harry, Wichita, Kansas 67211. Consequently, a second Roseboro order was mailed the same day to Thomas's new address. On June 13, 2006, the original Roseboro order was returned to the Clerk of Court marked "Return to Sender/Not Deliverable As Addressed/Unable to Forward/Return to Sender." On June 19, 2006, Thomas called the Clerk of Court regarding the Roseboro order. He was concerned because a response was due that day to the motion to dismiss. The Magistrate Judge granted Thomas an additional two

2

weeks to file a response to the motion to dismiss. Because Thomas failed to respond at the expiration of the two weeks, the Magistrate Judge granted a second extension on July 5, 2006, giving Thomas until July 28, 2006, to file a response to the motion to dismiss. The July 5, 2006, order specifically advised Thomas that his complaint could be dismissed with prejudice should he fail to respond. Thomas failed to respond to the motion to dismiss. Further, Thomas has filed no objections to the Magistrate Judge's Report.

## II. DISCUSSION OF THE LAW

Lockheed's only objection to the Report is that Thomas's complaint should have been dismissed with prejudice instead of without prejudice. Rule 41(b) of the Federal Rules of Civil Procedure provides that a claim may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court" and that "unless the court in its order for dismissal otherwise specifies," such a dismissal "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989).

Lockheed's motion to dismiss was filed on May 12, 2006. Thomas has failed to file a response despite two extensions granted by the Magistrate Judge. Further, the July 5, 2006, order specifically advised Thomas that if he failed to respond, his case would be subject to dismissal and that the dismissal would be "considered as adjudication on the merits, i.e., *with prejudice*." (July 5, 2006 order); see Ballard, 882 F.2d at 95-96 (holding dismissal with prejudice appropriate when the plaintiff was specifically warned of the consequences of failing to respond to an order). Finally, Thomas has filed no objections to the Report. It appears that Thomas has abandoned this action. See Green v. Dewitt, No. 06-0626, 2006 WL

3

1074983, at *1 (D.S.C. Apr. 20, 2006) (unpublished) (holding dismissal with prejudice rather than without prejudice appropriate when "[i]t appears that the Plaintiff no longer wishes to pursue [the] action").  Under these circumstances, the court finds that dismissal of Thomas's claim with prejudice is warranted and declines to adopt the recommendation of the Magistrate Judge that the case be dismissed without prejudice.  Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and recommendation in part.

Therefore, it is

**ORDERED** that Thomas's complaint is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 3, 2006

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.